[No. 1437.]

Marcus Tyler *v.* The State.

1. Theft—Charge of the Court—Evidence.—See the case of *Long* v. *The State*, 11 Texas Ct. App., 381 (wherein the testimony is identical with that in this case), for circumstances under which it was proper, in a prosecution for the theft of a cow, for the court to admit evidence of the defendant's possession of other animals, at the time he was found in possession of the animal charged to be stolen. And see the statement of this case for a charge on the subject, *held*, correct.

2. Same—Practice—Impeachment of Witness.—The rule which in criminal cases permits a party to assail the testimony of his own witness in any manner except by proving bad character, is limited to such evidence as is injurious to his side of the case. See the opinion *in extenso* for a state of facts which authorized the reception of the impeaching testimony admitted, but wherein the court erred in failing to instruct the jury that it was admitted for no other purpose than to impeach the witness assailed, and should be considered for no other purpose.

3. Continuance—New Trial.—See a state of case wherein, though deficient in its showing of diligence, an application for a continuance discloses absent evidence which, considered in connection with the evidence adduced on the trial, and that set out in the motion for new trial as newly discovered evidence, entitled the defendant to a new trial.

Appeal from the District Court of Gaudalupe. Tried below before the Hon. E. Lewis.

This is the second appeal from a conviction for the theft of a cow, the property of Alf. Friar. (See 11 Texas Ct. App., 388.) The penalty assessed was, as in the former conviction, a term of four years in the penitentiary.

The report of *Long's* case, 11 Texas Ct. App., 381, condenses the testimony upon which the conviction in this case was had, except in the matter of conflict in the testimony of William Dunn and June Coorpender, which is sufficiently stated in the opinion on this appeal.

The opinion also discloses the nature of the absent testimony for which a continuance was asked and refused. Upon the subject of newly discovered evidence the motion for new trial set up that the defendant, "since his trial, and since his original motion for a new trial was filed, has learned that he can prove by

one James Adams, now a citizen of Guadalupe county, that said Adams, during the year 1881, and until December 15, 1881, lived in Stockdale, Texas; that he knew this defendant well; that he also knew J. W. M. Long; that on Sunday, the seventeenth day of April, 1881, he, the said Adams, preached at Rancho, Gonzales county, and remained there over night, on Sunday night, April 17, 1881. That he left there Monday evening, April 18, 1881, between three and four o'clock, on his return home in Stockdale, and that about three miles below Nokenut, on the road that leads from Riddleville through Nokenut to Seguin, he met the defendant, Marcus Tyler, and J. W. M. Long coming toward Seguin by themselves, on horseback, each dressed in ordinary citizen's clothes. That this was about an hour by sun, on Monday,. the eighteenth day of April, 1881. That neither the defendant nor Long had any cattle with them. This defendant says that he did not learn that this witness was in possession of the above facts, until last Sunday after he was tried. That for this reason he did not have said witness subpœnaed or attached. That he learns from said Adams that he communicated these facts to E. M. Norwood, of Stockdale, who is a kinsman of defendant, before the last term of this court, but this defendant here swears that neither said Norwood nor any one else told him about said facts; that he, the defendant, has been in jail since about October, 1881."

To this motion was attached the affidavit of James Adams, setting up the facts to which he would testify, substantially as they were stated in the motion.

The State filed the counter affidavit of Wm. Dunn, sheriff of Guadalupe county, to the effect that James Adams, the minister of the gospel who signed the affidavit in aid of the motion for new trial, was then in the courthouse, and had been about the courtroom during the trial and for two weeks previous, and that he was the same man who was formerly before the court on an indictment for stealing a horse.

The charge of the court referred to in the first head note reads as follows:

"The evidence that other cattle than the one described in the indictment as belonging to Alf. Friar, were found near Seguin at the same time that one was found, and belonged in the same range in DeWitt county, and were seen and driven in the same herd of cattle, was admitted to go to the jury for the purpose only of identifying the herd of cattle in which the one described in

the indictment may have been; and if said testimony tends to establish the identity of the herd, it may be considered by the jury for that purpose, and for none other."

The other grounds urged in the motion for new trial were:

1.   Error in refusing the defendant a first continuance.

2.   Error in refusing to give special charges asked.

3.   Error in permitting witness Dunn to testify to what one June Coorpender, State's witness, told him as to when the cattle were turned loose, and why.

4.   Error because the verdict was contrary to the law and evidence.

5.   Error because the court failed to charge all the law applicable to the case.

*Eckford & Newton*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WILLSON, J.   The defendant was convicted of the theft of a cow, the property of Alf. Friar, and his punishment assessed at a term of four years confinement in the penitentiary.   This is the second time this case has been before this court on appeal. On the former appeal the judgment was reversed for errors which do not appear in the record now before us.

The first error assigned is that the court erred in overruling defendant's application for a continuance.   We will hereafter consider this assignment in connection with the fifth error assigned, which is that the court erred in overruling defendant's motion for a new trial.

The second error assigned is that the court erred in permitting certain witnesses to testify concerning other cattle found at Seguin where the cow mentioned in the indictment was found. In this action of the court we think there was no error.   It was in accord with the opinion of this court in *Long* v. *The State*, 11 Texas Ct. App., 381, which was a companion case to this one, and wherein the same question was decided upon the same state of facts.

The third and fourth assignments of error relate to the same matter.   On the trial the State introduced one Coorpender who testified in regard to the herd of cattle in which the cow alleged to have been stolen was found.   After this witness had stated that the herd of cattle had been brought to Seguin before a cer-

tain hail storm, which seems to have occurred there on the night of the twentieth of April, 1881, and that he did not know why they were turned loose, he was asked by the State's counsel, "if he told Sheriff Dunn that the cattle were turned loose before the storm, and if he did not tell Dunn that these cattle would have been driven north but for the storm?" The defendant by his counsel objected to this question, which objection was overruled, and the witness then testified that "he never told Mr. Dunn that these cattle were brought for Mr. Jennings on the San Marcos, or for any one else." The State then introduced Dunn, who testified, over the objections of the defendant, that the witness Coorpender told him that had it not been for the storm the cattle would have been driven north, but that Coorpender did not tell him that they would have been driven to Mr. Jennings on the San Marcos. The witness June Coorpender was then recalled by the State and again permitted to testify, over the objections of the defendant, and he stated that "he might have told Dunn that they would have been driven north but for the storm, and that they were turned loose the night of the storm; and that, if he did, it was the truth; that he might have told Mr. Dunn that the cattle were left on the prairie the night of the storm; but if he did, it was a mistake, for he had seen them before the storm." The State then recalled Dunn, who testified that the witness Coorpender told him that the cattle were turned loose on the night of the storm. The defendant by his counsel objected to all this testimony, and upon the overruling of his objections excepted, and saved his bill of exceptions in due form. This testimony was no doubt admitted by the court for the purpose of impeaching the evidence of the witness Coorpender. It was clearly inadmissible for any other purpose. Was it admissible for this purpose?

When facts stated by a witness are *injurious* to the cause of the party introducing him, such party may attack his testimony in any other manner than by proving the bad character of the witness. (Code Crim. Proc., Art. 755.) Had this State's witness stated any fact which was *injurious* to the cause of the State? If he had not, then we think the State would have no right to attack his testimony. Upon an examination of his testimony in chief, we find that he testified that he saw a bunch of the cattle in controversy *before the storm* at his pen, but he could not tell whether it was a half hour, a quarter of an hour, or twenty-four hours before the storm. The theory of the prosecution was that

the cattle had been brought to Seguin on the night of the storm and been turned loose on the prairie in consequence of the storm, by the persons who had stolen them. The statement, therefore, of the witness Coorpender that he had seen some of these cattle running at large *before* the storm, was material, and was adverse to the theory of the prosecution, and therefore injurious to it. It is true that this testimony was hearsay, and was calculated to injure the defendant; but we think that for the purpose of impeaching the witness Coorpender, and for this purpose only, it was admissible. But the court, in its charge to the jury, should have instructed them that it was admitted for no other purpose than to impeach the witness, and that they should not consider it for any other purpose; and in failing to do this we think the court erred.

The fifth assignment of error is, that the court erred in overruling defendant's motion for a new trial, and this we will consider in connection with defendant's first assignment of error, which is, that the court erred in overruling defendant's application for a continuance. The only grounds contained in defendant's motion for a new trial which we deem it necessary to consider are, that the verdict of the jury is contrary to the law and evidence, and that new evidence, material to the defense, has been discovered since the trial.

The evidence shows that some time in the month of April, 1881 (the precise time is left doubtful), a herd of cattle was found running at large on the prairie, near Seguin. The herd consisted of some forty head of cattle unknown in that neighborhood. Among this herd was found the particular cow which the defendant is charged with stealing. This cow was a noted one, and was fully identified as the property of Alf. Friar. She was peculiarly and ridiculously, and we may say obscenely branded, and because of this fact, we suppose, she was generally known in the range in which she ran, which range was in De Witt county, some sixty miles from Seguin, and twelve or fifteen miles from where the defendant resided. In the same herd were a number of other cattle which belonged in the same range with this cow, and which were identified by various owners. It is unquestionably true, as shown by the evidence, that this herd of cattle had been stolen and driven from their range in De Witt county to Seguin, and, at the latter place, turned loose upon the prairie. The evidence tending to connect the defendant with the theft of these cattle is circumstantial, and, to our minds, far from conclusive. The de-

fense was an *alibi*, and the evidence in support of this defense is also inconclusive. A herd of cattle similar to the one, but not identified as the same herd found at Seguin, was observed by several witnesses passing in the direction of Seguin from the direction of De Witt county. The precise date when this herd of cattle passed in the direction of Seguin is left in doubt. It was in the month of April, according to the weight of the evidence, and, according to the theory of the prosecution, it was between the eighteenth and twentieth of the month, and that the cattle reached Seguin and were turned loose there on the night of the twentieth, which was the night of the storm. The witnesses who testify about having seen this herd of cattle passing toward Seguin, say that it was driven by three men, but, while some of them were of the opinion that defendant was one of the men, none of them positively identified him, and others of these state that he was *not* one of the men. On the other hand, the defendant, in support of his defense of an *alibi*, proves that at the time the cattle were supposed to have been driven to Seguin he was at other places, and could not have been with the cattle.

When the case was called for trial the defendant made an application for a continuance, on account of the want of the testimony of George Phillips, Sam Wright, Albert Phillips, Tom Comfort and Wm. Clark, by some of whom he stated he expected to prove an *alibi;* and by others of them that they saw the herd of cattle as it was being driven towards Seguin, and that defendant was not one of the men in possession of said herd. We do not think the court erred in overruling this application, because it did not show that proper diligence had been used to obtain the testimony of these witnesses. It stated that attachments had been issued for them, which attachments had not been returned, but it did not state that these attachments had been placed in the hands of or sent to the proper officers to be executed. But, although the application was for this reason insufficient, it is proper to take the matters stated therein into consideration in determining the defendant's motion for a new trial. The absent testimony, if true, is certainly very material to the defendant, considering the nature of the evidence upon which he was convicted. In this connection, the defendant's motion for a new trial, based upon the ground of newly discovered evidence, must also be considered. The evidence claimed to be newly discovered is certainly very material. We do not say that upon this ground alone the new trial should have been

granted. But, when we take into consideration the meagreness of the evidence upon which rests the verdict of conviction, and the absent testimony set out in defendant's application for a continuance, and the additional testimony disclosed by his motion for a new trial, we do not hesitate to say that a new trial should have been granted, and that the trial court erred in refusing to grant it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 15, 1882.